USCA1 Opinion

 

 April 8, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2222 MICHAEL COFFEY, Plaintiff, Appellant, v. ERNEST WINSKE, Defendant, Appellee. No. 95-2223 MICHAEL COFFEY, Plaintiff, Appellant, v. DAVID WINSKE, Defendant, Appellee. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Mark L. Wolf, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge,  ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ John J. Washburn on brief for appellant. ________________ Dallas W. Haines III on brief for appellee. ____________________ ____________________ ____________________ Per Curiam. Having reviewed carefully the record in ___________ this case, we affirm the order confirming the arbitration award to appellees essentially for the reasons given by the district court in its memorandum and order dated September 15, 1995.1 1 Appellant Coffey's contention that the National Future Association [NFA] was without jurisdiction to consider appellees' claims is without merit. Uncontradicted evidence was introduced through sworn affidavits that Coffey, as an associate member of the NFA, agreed to abide by the NFA's Code of Arbitration. That code clearly states that disputes involving commodity futures "shall be arbitrated under this Code."  The arbitrators' finding that Coffey was a "salesperson," and hence still subject to claims by those, like appellees, who chose to opt out of an earlier class settlement, was well within the arbitrators' discretion, see, ___ e.g., El Dorado Technical Services v. Union General, 961 F.2d ____ ____________________________ _____________ 317, 320 (1st Cir. 1992) ("as a general proposition, an arbitrator's factual findings are not open to judicial challenge"), as was their determination that appellees' claims were not time barred under the NFA Code, see United ___ ______ Paperworkers' Int'l Union v. Misco, Inc., 484 U.S. 29, 38 __________________________ ___________  ____________________ 1Appellees' "motion to adopt previously filed memoranda as 1 brief on appeal" is granted. _______ -2- (1987) ("as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision"); Moses H. Cone Memorial Hospital v. Mercury ___________________________________ _______ Construction Corp., 460 U.S. 1, 24-25 (1983) ("any doubts ___________________ concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability"). Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___ -3-